*E-FILED - 8/12/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL JOSEPH CONNOLLY, | ) | No. C 08-2797 RMW (PR) |
| Petitioner, | ) ) | ORDER GRANTING PETITIONER'S MOTIONS TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE |
| v. | ) ) | |
| D. K. SISTO, Warden, | ) ) | |
| Respondent. | ) ) ) | (Docket Nos. 2, 4) |

Petitioner, a state prisoner proceeding pro se, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254 on June 4, 2008. On that same day, the court sent a notification to petitioner informing him that his in forma pauperis application was incomplete. On June 26, 2008, petitioner filed a second application, and included all the previously omitted information. Based on the submitted application, the court finds that petitioner has shown good cause to proceed in forma pauperis and will GRANT petitioner's motions (docket nos. 2, 4). The court orders respondent to show cause why a writ of habeas corpus should not be issued.

**BACKGROUND**

According to the petition, a San Mateo Superior Court jury convicted petitioner of second degree murder with a knife. (Cal. Penal Code §§ 187(a), 12022(b)). On January 16, 2004, petitioner was sentenced to thirty-nine years to life in state prison. On direct appeal, the state

appellate court affirmed the judgment and conviction. The state supreme court denied a petition for review. Petitioner states that he filed a habeas petition in superior court raising claims of ineffective assistance of counsel, which was denied on February 16, 2007. He raised the same grounds to California Court of Appeal, which was denied on April 19, 2007, and to the California Supreme Court, which was denied on November 14, 2007. The instant federal petition was filed on June 4, 2008.

## DISCUSSION

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

**B.    Petitioner's Claims**

As grounds for federal habeas relief petitioner asserts that: (1) exclusion of evidence of the victim's aggressive conduct violated his right to present a defense under the Sixth and Fourteenth Amendments; (2) admission of petitioner's statement to the police obtained during a custodial interrogation violated Miranda and his right to counsel; (3) exclusion of evidence regarding the reliability of petitioner's statement and subsequent instructions that the statement was voluntary violated his right to present a defense under the Sixth and Fourteenth Amendments; (4) trial counsel was ineffective for failing to properly move to strike a prior serious felony conviction; (5) appellate counsel was ineffective for failing to raise issue of the trial court's improper denial of the motion to strike a prior serious felony conviction; and (6) trial counsel was ineffective for failing to object to inadmissible evidence of the victim's character, in violation of the Sixth and Fourteenth Amendments. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition

1  should not be granted.

**CONCLUSION**

1. Petitioner's motions to proceed in forma pauperis (docket nos. 2, 4) are GRANTED.

2. The clerk shall serve by mail a copy of this order and the petition (docket no. 1) and all attachments thereto upon the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

3. Respondent shall file with the court and serve on petitioner, within **sixty days** of the date of receipt of this order and the petition, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying state criminal record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases within **sixty days** of the date of receipt of this order. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen days** of receipt of any opposition.

5. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of

1  this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  IT IS SO ORDERED.

DATED: ___8/8/08___           *Ronald M. Whyte*
                               RONALD M. WHYTE
                               United States District Judge